# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JOHN L. HARVEY, JR. et al                                    PLAINTIFFS

VS.                                                          CASE NO.  4:05cv175

COLDWELL BANKER REAL ESTATE
CORPORATION, COLDWELL BANKER
FIRST GREENWOOD-LEFLORE REALTY, INC.,
LEFLORE PROPERTIES, INC., JIM PRUETT,
LINDA PRUETT, BANK OF COMMERCE AND
STATE BANK & TRUST                                           DEFENDANTS

## ORDER

Defendant Coldwell Banker has re-filed its motion [118-1] to dismiss, arguing that the

RICO claims in plaintiffs' complaint should be dismissed for failure to comply with relevant

Fifth Circuit precedent relating to the particularity of pleadings in statutory fraud actions.   The

court would initially note that this action was originally pending before Judge Davidson but has

apparently been transferred to this court.[1]  Prior to transferring this action, Judge Davidson

denied an identical motion to dismiss filed by defendant, and he has since declined to reconsider

his ruling in this regard.  Judge Davidson's rulings presumably constitute the law of this case,

notwithstanding the fact that he is no longer presiding over it.  At any rate, this court would note

that Judge Pepper has since agreed with Judge Davidson that complaints in Coldwell Banker

cases virtually identical to the present one properly stated RICO claims, *see, e.g.  Johnson v.*

*Coldwell Real Estate Corp.,* 2006 WL 2403539 (N.D. Miss. 2006), and this court concurs with

---

[1]It appears from the record that Judge Davidson has transferred most if not all of his
Coldwell Banker cases to Judge Pepper and to this court.

Judge Pepper and Judge Davidson in this regard.

The court would also note that this motion to dismiss, which has already been decided adverse to defendant's position, is apparently listed as pending in this case because defendant saw fit to improperly re-file the motion under a caption containing most, if not all, of the Coldwell Banker cases pending in the Northern District. Plaintiffs and defendants have each apparently decided that it would save them time and/or expense to file "shotgun" motions under a single caption containing all Coldwell Banker cases, without regard to the procedural history of a given case. This is clearly improper, and the results of this improper practice are apparent in this motion. Defendant's "one size fits all" motion manifestly does *not* fit the instant case, inasmuch as the motion to dismiss has already been denied by Judge Davidson, and a motion to reconsider that ruling had already been filed at the time this motion to dismiss was filed. Under these circumstances, the filing of yet another motion to dismiss was improper, particularly considering that the motion raises the same exact arguments previously rejected by Judge Davidson. The Coldwell Banker cases pending before this court are not consolidated, and the parties' scattershot approach to filing motions does not comply with the Federal Rules of Civil Procedure. Any future motions filed in such a manner before this court, after the date of issuance of this order, run the risk of being stricken.[2]

The court would also note that defendants have requested that these cases be consolidated for pre-trial purposes.[3] As this court has previously noted in other Coldwell Banker cases, it sees

---

[2]The parties will not be required to re-file any motions which have already been filed prior to this order, unless the court specifically requests that they do so.

[3]Defendants acknowledge that separate trials will be required, and they seek consolidation solely for pre-trial purposes.

little benefit to be gained by consolidating the cases pending before it for pre-trial purposes,

given that each action has developed a unique procedural history (and a unique law of the case)

reflected in the docket in each case. In the court's view, combining the pre-trial motions in these

cases into a single docketed action would only lead to needless confusion regarding the specific

history of each case and would make each pre-trial ruling by this court a challenge to incorporate

the diverse procedural histories applicable to the various litigants. Indeed, the instant motion,

which contains arguments and references to inapplicable procedural histories in other cases, is

ample testimony to this fact. The question of whether pre-trial consolidation would assist a

particular trial court is one which each court must make for itself, but, as far as this court is

concerned, such consolidation would create more problems than it would solve. If the court

should later decide that the advantages of consolidation would outweigh its disadvantages, then it

will so notify the parties. At this juncture, however, the motion will be denied.

It is therefore ordered that defendant's motion [103-1] to dismiss and to consolidate [123-1] are denied.

SO ORDERED this 28th day of November, 2006.


 /s/ Michael P. Mills
 **UNITED STATES DISTRICT JUDGE**